IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WYTHE COUNTY, VIRGINIA, a political subdivision of the Commonwealth of Virginia,<br><br>Plaintiff,<br><br>v.<br><br>ERIC H. HOLDER, JR., the Attorney General of the United States of America, and THOMAS E. PEREZ, Assistant Attorney General, Civil Rights Division, United States Department of Justice,<br><br>Defendants. | No. 1:12-CV-00719-ABJ-KLH-BAH<br>Three-Judge Court<br><br>**FILED**<br>JUN 1 8 2012<br>Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

CONSENT JUDGMENT AND DECREE

1. This action was initiated on May 3, 2012 by Plaintiff Wythe County, Virginia ("County"), against Defendants Eric H. Holder, Jr., Attorney General of the United States, and Thomas E. Perez, Assistant Attorney General, Civil Rights Division (collectively, "the Attorney General"). The County is a governmental entity organized under the constitution and laws of the Commonwealth of Virginia.

2. The Commonwealth of Virginia became covered as a whole by certain special provisions of the Voting Rights Act, based on a coverage determination under Section 4(b) of the Act made by the Attorney General and the Director of the Census, and published in the Federal Register on August 7, 1965. *See* 30 Fed. Reg. 9,897 (Aug. 7, 1965). By virtue of this coverage determination, the Commonwealth of Virginia and all of its political subdivisions (including the County) must receive preclearance under Section 5 of the Voting Rights Act for all changes enacted or implemented after November 1, 1964, that affect voting.

3. In this action, the County seeks a declaratory judgment pursuant to Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1), exempting it from coverage under Section 4(b) of the Act, 42 U.S.C. 1973b(b). Exemption under Section 4(b) would in turn exempt the County and its political subunits from the preclearance provisions of Section 5, 42 U.S.C. § 1973c.

4. This three-judge Court has been convened as provided in 42 U.S.C. § 1973b(a)(5) and 28 U.S.C. § 2284 and has jurisdiction over this matter.

5. Section 4(a) of the Voting Rights Act provides that a state or political subdivision subject to the special provisions of the Act may be exempted or "bailed out" from those provisions, through an action for a declaratory judgment before this Court, if it can demonstrate fulfillment of the specific statutory conditions in Section 4(a), for the time period "during the ten years preceding the filing of the action" and "during the pendency of such action," as described below:

> (A) no such test or device has been used within such State or political subdivision for the purpose or with the effect of denying or abridging the right to vote on account of race or color or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) in contravention of the guarantees of subsection (f)(2) of this section (42 U.S.C. § 1973b(a)(1)(A));
>
> (B) no final judgment of any court of the United States, other than the denial of declaratory judgment under this section, has determined that denials or abridgements of the right to vote on account of race or color have occurred anywhere in the territory of such State or political subdivision or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) that denials or abridgements of the right to vote in contravention of the guarantees of subsection (f)(2)

of this section have occurred anywhere in the territory of such State or subdivision and no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds; and no declaratory judgment under this section shall be entered during the pendency of an action commenced before the filing of an action under this section and alleging such denials or abridgements of the right to vote (42 U.S.C. § 1973b(a)(1)(B));

(C) no Federal examiners or observers under subchapters I-A to I-C of this chapter have been assigned to such State or political subdivision (42 U.S.C. § 1973b(a)(1)(C));

(D) such State or political subdivision and all governmental units within its territory have complied with section 1973c of this title, including compliance with the requirement that no change covered by section 1973c of this title has been enforced without preclearance under section 1973c of this title, and have repealed all changes covered by section 1973c of this title to which the Attorney General has successfully objected or as to which the United States District Court for the District of Columbia has denied a declaratory judgment (42 U.S.C. § 1973b(a)(1)(D));

(E) the Attorney General has not interposed any objection (that has not been overturned by a final judgment of a court) and no declaratory judgment has been denied under section 1973c of this title, with respect to any submission by or on behalf of the plaintiff or any governmental unit within its territory under section 1973c of this title, and no such submissions or declaratory judgment actions are pending (42 U.S.C. § 1973b(a)(1)(E)); and

(F) such State or political subdivision and all governmental units within its territory - (i) have eliminated voting procedures and methods of election which inhibit or dilute equal access to the electoral process; (ii) have engaged in constructive efforts to eliminate intimidation and harassment of persons exercising rights protected under subchapters I-A to I-C of this chapter; and (iii) have engaged in other constructive efforts, such as expanded opportunity for convenient registration and voting for every person of voting age and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process (42 U.S.C. § 1973b(a)(1)(F)(i-iii)).

3

6. Section 4(a) provides the following additional requirements to obtain bailout:

> To assist the court in determining whether to issue a declaratory judgment under this subsection, the plaintiff shall present evidence of minority participation, including evidence of the levels of minority group registration and voting, changes in such levels over time, and disparities between minority-group and non-minority-group participation. (42 U.S.C. § 1973b(a)(2));

> No declaratory judgment shall issue under this subsection with respect to such State or political subdivision if such plaintiff and governmental units within its territory have, during the period beginning ten years before the date the judgment is issued, engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) in contravention of the guarantees of subsection (f)(2) of this section unless the plaintiff establishes that any such violations were trivial, were promptly corrected, and were not repeated. (42 U.S.C. § 1973b(a)(3));

> The State or political subdivision bringing such action shall publicize the intended commencement and any proposed settlement of such action in the media serving such State or political subdivision and in appropriate United States post offices . . . . (42 U.S.C. § 1973b(a)(4)).

7. Section 4(a)(9) provides that the Attorney General can consent to entry of a declaratory judgment granting bailout "if based upon a showing of objective and compelling evidence by the plaintiff, and upon investigation, he is satisfied that the State or political subdivision has complied with the requirements of [Section 4(a)(1)] . . . ." (42 U.S.C. § 1973b(a)(9)).

8. The Attorney General has conducted a comprehensive and independent investigation to determine the County's eligibility for bailout. Department of Justice attorneys

4

have interviewed members of the local community and reviewed a significant quantity of documentary evidence, including background information, demographic data, minutes of the Wythe County Board of Supervisors, Wythe County Electoral Board, Wythe County School Board, and the Town Councils of Rural Retreat and Wytheville, and the preclearance submissions of Wythe County, the Wythe County School District and the Towns of Rural Retreat and Wytheville.

9. The Attorney General and Wythe County agree that Wythe County has fulfilled all conditions required by Section 4(a) and is entitled to the requested declaratory judgment. The parties have filed a Joint Motion for Entry of this Consent Judgment and Decree.

## AGREED STIPULATION OF FACTUAL FINDINGS

10. The County is a political subdivision of the Commonwealth of Virginia and thus a political subdivision of a state within the meaning of Section 4(a) of the Voting Rights Act. *See* 42 U.S.C. § 1973b(a)(1)(A); *see also Northwest Austin Mun. Util. Dist. No. One* v. *Holder*, 557 U.S. 193 (2009). There are three other elected governmental units within the meaning of 42 U.S.C. §1973b(a)(1) that exist within Wythe County: the Wythe County School Board and the Towns of Rural Retreat and Wytheville.

11. The Wythe County Board of Supervisors is the governing body that formulates policies for the administration of government in Wythe County. It is comprised of seven supervisors elected by plurality vote to serve four-year staggered terms. Six of the supervisors are elected from single-member districts, and one is elected at-large.

12. The Wythe County School District ("School District") is coterminous with the County and governed by the Wythe County School Board. The Wythe County School Board is

comprised of seven members elected by plurality vote to four-year staggered terms. Six members are elected from the same single-member districts as are members of the Wythe County Board of Supervisors. One member is elected at-large.

13. In addition to the County and the School District, located within Wythe County are the Towns of Rural Retreat and Wytheville ("Towns"). The Town of Rural Retreat is governed by a seven-member council that includes six council members and a Mayor. These seven council members are elected at large to serve four-year staggered terms. The Town of Wytheville is governed by a five-member council that includes four council members and a Mayor. These five members are elected at large to serve four-year staggered terms.

14. Residents of each Town are eligible to participate in County, School District, and their respective Town elections.

15. Wythe County, Virginia has a total population of 29,235 persons, according to the 2010 Census. The racial composition of the County's population is 27,649 (94.6%) non-Hispanic white, 967 (3.3%) non-Hispanic black, 280 (1.0%) Hispanic, 152 (0.5%) non-Hispanic Asian, and 129 (0.4%) non-Hispanic Native American. According to the 2010 Census, Wythe County has a total voting age population of 23,125. The racial composition of this voting age population is 22,058 (95.4%) non-Hispanic white, 648 (2.8%) non-Hispanic black, 176 (0.8%) Hispanic, 108 (0.5%) non-Hispanic Asian, and 106 (0.5%) non-Hispanic Native American.

16. The Wythe County School District has the same total population and voting age population as the County.

17. The Town of Rural Retreat has a total population of 1,483 persons according to the 2010 Census. The racial composition of the Town's population is 1,441 (97.2%) non-

Hispanic white, 15 (1.0%) non-Hispanic black, 17 (1.2%) Hispanic, 2 (0.1%) non-Hispanic Asian, and 6 (0.4%) non-Hispanic Native American. According to the 2010 Census, the Town of Rural Retreat has a voting age population of 1,145. The racial composition of the Town's voting age population is 1,122 (98.0%) non-Hispanic white, 6 (0.5%) non-Hispanic black, 10 (0.9%) Hispanic, 1 (0.1%) non-Hispanic Asian, and 1 (0.1%) non-Hispanic Native American.

18. The Town of Wythville has a total population of 8,211 persons according to the 2010 Census. The racial composition of the Town's population is 7,271 (88.6%) non-Hispanic white, 680 (8.3%) non-Hispanic black, 115 (1.4%) Hispanic, 85 (1.0%) non-Hispanic Asian, and 31 (0.4%) non-Hispanic Native American. According to the 2010 Census, the Town of Wythville has a voting age population of 6,614. The racial composition of the Town's voting age population is 5,969 (90.2%) non-Hispanic white, 475 (7.2%) non-Hispanic black, 72 (1.1%) Hispanic, 62 (0.9%) non-Hispanic Asian, and 26 (0.4%) non-Hispanic Native American.

19. No African-Americans have been elected to the County Board of Supervisors or the County School Board.

20. No African-Americans have been elected to the Town Council for either Rural Retreat or Wytheville.

21. The Wythe County General Registrar and the Wythe County Electoral Board are primarily responsible for all election-related functions, including voter registration, list maintenance, voter outreach, conduct of elections, and the selection of polling sites and certain poll workers, in the County.

22. No African-Americans have been appointed or have served on the County Electoral Board or as the County General Registrar.

23. Citizens in Wythe County may register to vote in person at the office of the County General Registrar in the Town of Wytheville. Citizens may also obtain voter registration applications at additional locations in the County, including the Wythe County Department of Health; Department of Social Services; Department of Rehabilitative Services; Department of Mental Health, Mental Retardation and Substance Abuse Services; Department for the Blind and Vision Impaired; Virginia Office for Protection and Advocacy; regional offices of the Department of Game and Inland Fisheries; Armed Forces recruitment offices; Department of Deaf and Hard of Hearing; other agencies that provide state-funded assistance to persons with disabilities; Department of Motor Vehicle locations in the Town of Wytheville, the neighboring independent City of Galax, and the Town of Pulaski (Pulaski County); all United States' post offices in the County; the County Sheriff's Office; the County Courthouse; the County Circuit Clerk's Office; and all three high schools in the County School District. Citizens can also obtain mail-in voter registration applications from the State Board of Elections website and the County General Registrar.

24. Since the County, like other jurisdictions in Virginia, does not record the race of its registered voters, it cannot present evidence of minority participation in registering and voting. Current data show, however, that a significant portion of the County's voting age population is registered to vote. In 2010, there were 18,450 registered voters in Wythe County, which is approximately 79.8% of the County's 2010 Census voting age population of 23,125. The number of registered voters in the County has risen over the last decade. In 2000, there were 15,737 registered voters in the County. Thus from 2000 to 2010, the total number of registered voters in the County increased by 17.2 percent.

25. On Election Day, the County uses 11 polling places (in nine physical locations) and a central absentee voter precinct, which are all accessible to voters with physical disabilities.

26. African-Americans have been appointed and have served as poll workers in the County. In elections since 2000, Wythe County has employed at least three African-American poll workers, of whom one is currently still serving as a poll worker. During the November 2010 election, there was one African-American poll worker.

27. Voter turnout in elections within Wythe County (*i.e.* the percentage of those registered voters who cast ballots) varies according to the offices up for election. In the last three Presidential elections, for example, voter turnout was 69.5% in 2000, 72% in 2004, and 69% in 2008. Voter turnout for the last three elections in November and for which statewide offices appeared on the ballot was 50% in 2001, 49.2% in 2005, and 43.1% in 2009.

28. Since Section 5 coverage of Virginia began, neither the Attorney General nor the United States District Court for the District of Columbia has denied preclearance to any voting changes included in any submission made on behalf of Wythe County. Since 2001, there were eight submissions on behalf of the County. The most recent submission for the County—a redistricting plan and voting precinct realignment—was precleared by the Attorney General on July 20, 2011.

29. Since Section 5 coverage of Virginia began, neither the Attorney General nor the United States District Court for the District of Columbia has denied preclearance to any voting changes included in any submission made on behalf of the Wythe County School District. Since 2001, there were two submissions on behalf of the County School District. The most recent

submission for the County School District—a redistricting plan—was precleared by the Attorney General on July 20, 2011.

30. Since Section 5 coverage of Virginia began, neither the Attorney General nor the United States District Court for the District of Columbia has denied preclearance to any voting changes included in any submission made on behalf of the Town of Rural Retreat. Since 2001, there have been no submissions made on behalf of the Town of Rural Retreat.

31. Since Section 5 coverage of Virginia began, neither the Attorney General nor the United States District Court for the District of Columbia has denied preclearance to any voting changes included in submissions made on behalf of the Town of Wytheville. Since 2001, there was one submission on behalf of the Town of Wytheville. The most recent submission for the Town of Wytheville—an annexation—was precleared by the Attorney General on February 26, 2007.

32. The County publicized the intended commencement of this action prior to its being filed by placing advertisements in the local newspaper, the County Courthouse, the County Administration building, and the office of the County General Registrar. The County also requested that notice of this intended action be posted in United States post offices within the County.

33. The Attorney General has determined that it is appropriate to consent to a declaratory judgment allowing bailout by the County, pursuant to Section 4(a)(9) of the Voting Rights Act. The Attorney General's consent in this action is based upon his own independent factual investigation of the County's fulfillment of all of the bailout criteria, and consideration of all of the circumstances of this case, including the views of citizens in the County, and the

absence of racial discrimination in the electoral process within the County. This consent is premised on an understanding that Congress intended Section 4(a)(9) to permit bailout in those cases where the Attorney General is satisfied that the statutory objectives of encouraging Section 5 compliance, and preventing the use of racially discriminatory voting practices, would not be compromised by such consent.

## AGREED FINDINGS ON STATUTORY BAILOUT CRITERIA

34. Wythe County, the Wythe County School District, and the Towns of Rural Retreat and Wytheville are covered jurisdictions subject to the special provisions of the Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973c. Under Section 5 of the Act, the County, School District, and Towns are required to obtain preclearance from either this Court or from the Attorney General for any change in voting standards, practices, and procedures adopted or implemented since the Act's coverage date for the Commonwealth of Virginia.

35. During the 10 years preceding the filing of this action and during the pendency of this action, there has been no test or device as defined in Section 4(c) of the Voting Rights Act used within the County for the purpose or with the effect of denying or abridging the right to vote on account of race or color. 42 U.S.C. § 1973b(a)(1)(A).

36. During the 10 years preceding the filing of this action, and during the pendency of this action, no final judgment of any court of the United States has determined that denials or abridgements of the right to vote on account of race or color have occurred anywhere in the territory of the County. Further, no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds. No action is

presently pending alleging such denials or abridgements of the right to vote. 42 U.S.C. § 1973b(a)(1)(B).

37. During the 10 years preceding the filing of this action, and during the pendency of this action, no Federal examiners or observers have been assigned to the County. 42 U.S.C. § 1973b(a)(1)(C).

38. During the 10 years preceding the filing of this action, and during the pendency of this action, the County, School District and Towns have complied with Section 5. The County, School District, and Towns have submitted a number of voting changes to the Attorney General for review under Section 5. There has been no need for the County, School District, or Towns to repeal any voting changes to which the Attorney General has objected, or to which this Court has denied a declaratory judgment, since no such objection or denials have occurred. 42 U.S.C. § 1973b(a)(1)(D).

39. The Attorney General has never interposed any objection to voting changes submitted by or on behalf of the County, School District, or Towns for administrative review under Section 5. No such administrative submissions by or on behalf of the County, School District, or Towns are presently pending before the Attorney General. Neither the County, School District, nor Towns have ever sought judicial preclearance from this Court under Section 5. Thus, this Court has never denied the County, School District, or Towns a declaratory judgment under Section 5, nor are any such declaratory judgment actions now pending. 42 U.S.C. § 1973b(a)(1)(E).

40. During the 10 years preceding the filing of this action, and during the pendency of this action, neither the County, School District, nor Towns have employed voting procedures or

methods of election which inhibit or dilute equal access to the electoral process. 42 U.S.C. § 1973b(a)(1)(F)(i).

41. There is no evidence that any persons in elections in the County, School District, or Towns have been subject to intimidation or harassment in the course of exercising their rights protected under the Voting Rights Act. 42 U.S.C. § 1973b(a)(1)(F)(ii).

42. Over the years, the County has engaged in constructive efforts to expand the opportunity for registration and voting for every person of voting age through a variety of ways, including offering additional opportunities for convenient voter registration and appointment of minority persons as poll officials. 42 U.S.C. § 1973b(a)(1)(F)(iii).

43. The County has presented available evidence concerning rates of voter registration and voter participation over time. 42 U.S.C. § 1973b(a)(2).

44. During the preceding 10 year period, neither the County, School District, nor Towns have engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color. 42 U.S.C. § 1973b(a)(3).

45. The County publicized the intended commencement of this action prior to its being filed, by placing advertisements in the local newspaper, the County Courthouse, the County Administration building, and the office of the County General Registrar. The County also requested that notice of this intended action be posted in United States post offices within the County. The County has publicized a notice of the proposed settlement of this action, simultaneously with the filing of the Joint Motion for Entry of Consent Judgment and Decree. 42 U.S.C. § 1973b(a)(4). The parties request that this Court wait 30 days after filing of the Joint

Motion for Entry of this Consent Judgment and Decree, before approving this settlement, while this notice of proposed settlement is advertised.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The Plaintiff, Wythe County, is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1).

2. The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and Wythe County, the Wythe County School District, the Town of Rural Retreat, and the Town of Wytheville are exempted from coverage under Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years pursuant to Section 4(a)(5), 42 U.S.C. § 1973b(a)(5). This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in Section 4(a)(5), 42 U.S.C. § 1973b(a)(5).

3. Each party shall bear its own fees, expenses and costs.

Entered this ___8th___ day of ___June___, 2012.



\_\_\_/s/ KLH_____
KAREN LECRAFT HENDERSON
UNITED STATES CIRCUIT JUDGE


\_\_\_/s/ Beryl A. Howell_____
BERYL A. HOWELL
UNITED STATES DISTRICT JUDGE


\_\_\_/s/ Amy B. Jackson_____
AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

For the Plaintiff
WYTHE COUNTY:

*/s/ Thomas M. Wochok*
_____

Thomas M. Wochok (DCB # 314229)
SANDS ANDERSON, PC
1497 Chain Bridge Road, Suite 202
McLean, VA 22101
Phone: (703) 893-3600
Fax:    (703) 893-8484
Email: twochok@sandsanderson.com

PHYLLIS C. KATZ (VSB #22259)(Pro hac vice)
SANDS ANDERSON, PC
P.O. Box 1998
Richmond, VA 23218
Phone: (804) 783-7287
Fax:    (804) 783-7291
Email: pkatz@sandsanderson.com

Dated: May 17, 2012

|  |  |
|---|---|
| | Approved as to form and content: |
| | For Defendants Eric H. Holder Jr., Attorney General of the United States, and Thomas E. Perez, Assistant Attorney General, Civil Rights Division: |
| RONALD C. MACHEN, JR.<br>United States Attorney<br>District of Columbia | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>*/s/ Ernest A. McFarland*<br>_____<br>T. CHRISTIAN HERREN, JR.<br>ERNEST A. MCFARLAND<br>MARIA H. RIOS<br>ernest.a.mcfarland@usdoj.gov<br>maria.rios@usdoj.gov<br>Attorneys<br>Voting Section<br>Civil Rights Division<br>United States Department of Justice<br>Room 7254 - NWB<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530<br>Phone: (202) 307-6552<br>Fax:    (202) 307-3961 |

Dated: May 17, 2012